**Carl Davis BEAVERS, Appellant,**

v.

**Elizabeth Hurst BEAVERS, Appellee.**

No. 05–82–01341–CV.

Court of Appeals of Texas,
Dallas.

July 17, 1984.

John H. Withers, Dallas, for appellant.

Robert T. Baskett, Jack C. Pate, Curtis R. Harden, Jr., Dallas, for appellee.

Before AKIN, VANCE and ROWE, JJ.

ROWE, Justice.

In this divorce case, Mr. Beavers complains that the property division made by the court sitting without a jury is not just and right as required by TEX.FAM.CODE ANN. § 3.63 (Vernon Supp.1984). Mr. Beavers contends that the trial judge abused his discretion: (1) by offsetting reimbursement claims held by the community against each spouse's separate estate; (2) by mischaracterizing real property acquired from Mrs. Beavers' mother, (3) by over-valuing restricted stock held by the community in Great West Energy, Inc., and

(4) by failing to grant him reasonable terms for payment of the money judgment awarded Mrs. Beavers in lieu of a direct allocation of community assets to her. Mr. Beavers also assigns as error the late filing of supplemental findings of fact and conclusions of law and the trial court's award of attorney's fees against him in the event of his default on payments due Mrs. Beavers under the money judgment. For reasons given below, we find no abuse of discretion by the trial judge in the property division. While the last two mentioned assignments do concern patent errors by the trial judge, the first is harmless and the second can be remedied without retrial. Accordingly, we reform the judgment to eliminate the complained of award of attorney's fees, and as so reformed we affirm.

■ The abuse of discretion by the trial judge condemned by Mr. Beavers in his first point of error concerns an alleged failure to properly account for any enhanced value of the spouses' separate estates attributable to the community estate. The real property on Lane Street in Irving, Texas, was admittedly the separate property of Mrs. Beavers. All the stock in Vaughn's Furniture and Appliance Company was admittedly the separate property of Mr. Beavers. While the undisputed evidence disclosed that a community contribution of assets had enhanced the value of the Lane Street property, the extent of enhancement was disputed. While there was evidence that considerable community time, toil and effort had been expended in the operation of Vaughn's furniture business, whether the community had already been adequately compensated and whether any enhancement had resulted were disputed. The trial judge concluded that the community claim for reimbursement from the Lane Street property was approximately equal to the community claim for reimbursement from Vaughn's and excluded further consideration of these claims in dividing the community property. Under the circumstances shown of record, we find that this treatment was appropriate.

■ Both the pleadings and the admissible evidence were sufficient to authorize the court below, as the trier of facts, to give the same approximate values to the parties' reimbursement claims and therefore offset them one against the other. Discrepancies in the evidence as to community assets contributed to improve the Lane Street property ranged from a low of $21,-472.00 (Mrs. Beavers) to a high of $86,-667.20 (Mr. Beavers) with a top enhancement value of $62,500.00. A valuation of the uncompensated time, toil and effort expended by the community to enhance the value of the stock in Vaughn's, within a comparable range, was supported by probative evidence. The stock had risen from a purchase price before marriage of $13,-975.00 to a book value of $49,000.00 at the dissolution of the marriage. Although by that time the company had ceased doing business because of financial difficulties, the full-time efforts which Mr. Beavers had devoted to the company prior to cessation of business had been solely responsible for its earlier profitability. During the two years for which income tax returns were made available, corporate profits, after payment of salaries and other remunerations, totaled over $60,000. By offsetting these claims, the trial judge impliedly found each to be worth something between $25,000 to $35,000, a valuation supported by the evidence. Even though the opinions in *Vallone v. Vallone*, 644 S.W.2d 455 (Tex.1982), and *Jensen v. Jensen*, 665 S.W.2d 107 (Tex.1984), had not been rendered prior to the entry of judgment in this case, we are obliged to presume that the trial judge made his property division upon the proper legal basis. *McGarraugh v. McGarraugh*, 177 S.W.2d 296 (Tex.Civ. App.—Amarillo 1943, writ dism'd). Accordingly, we find no justification in the record for a retrial of the reimbursement issues.

■ In his second point of error Mr. Beavers complains about the trial court's finding that certain real estate in Hunt County, Texas, known as the Royce City property had been acquired by Mrs. Beavers by gift, devise and descent and thus

was her separate property. Undisputedly this property had belonged to Mrs. Beavers' mother until shortly before her death. Dispute existed as to whether an installment note "sale" by the mother to Mr. and Mrs. Beavers was merely a sham designed to appease an elderly woman too proud to accept charity from her children. After four monthly payments had been made on the vendor's lien note evidencing the "purchase price" payable by the community, the remaining principal balance was effectively cancelled by the terms of the mother's will. Further, without objection, extrinsic evidence was introduced to show that the net value to the community of any interest in this property was nominal at best. From the record pertinent to this matter we find sufficient justification for affirmance of the trial court's property division either because the trial court's characterization of this property has adequate support in the record or because Mr. Beavers has failed to establish on appeal that the trial court probably would have made a different division if this property had been properly characterized as community, which burden was his under *Smith v. Smith,* 620 S.W.2d 619 (Tex.Civ.App.—Dallas 1981, no writ) (opinion on motion for rehearing). Mr. Beavers' second point of error is overruled.

 Mr. Beavers' third point of error addresses the proper valuation to be placed on the community one-third interest in all outstanding stock of Great West Energy, Inc. The valuation problem arises because the sale of these shares is restricted by a requirement that they be offered first to other shareholders at book value. Experts from both parties testified that essentially because of this restriction, the market value of the stock was zero. This does not mean, however, that the trial judge erred in assigning a value of $170,000.00 to the stock for the purpose of making an equitable division of the community property. While market value is usually the best evidence of the value of the personal property, in the absence of a market value, the actual value of the property to the owner may be shown. *Bryant v. Stohn,* 260 S.W.2d 77, 83 (Tex.Civ.App.—Dallas 1953, writ ref'd

n.r.e.); *Ft. Worth and D.C. Railway v. Hapgood,* 210 S.W. 969 (Tex.Civ.App.—Amarillo 1919, no writ). There is expert testimony from Mrs. Beavers' witness that, based on the value of the assets of the company, a one-third interest would be worth as much as $395,850.00. Even according to Mr. Beavers' expert witness, the book value of the company was $173,000.00 when substantial oil reserves were valued at only development costs. In assigning values to closely held corporations in contested divorce actions, those considerations given here by the trial judge to company assets and to the realities of corporate control are appropriate. *Dorfman v. Dorfman,* 457 S.W.2d 417 (Tex.Civ.App.—Texarkana 1970, no writ). The third point of error is overruled.

 After assigning separate values to various community assets, the trial judge awarded the bulk of the community estate to Mr. Beavers and equalized this award by a money judgment in favor of Mrs. Beavers. Neither party complains of this approach, but Mr. Beavers by a fourth point of error does complain that the terms imposed upon him for payment of this money judgment are so unreasonable as to require remand for purposes of revision. The terms are claimed to be unreasonable because they cannot be met by Mr. Beavers out of current income. While we agree that under a money judgment of the character at issue in this case the judgment debtor is entitled to reasonable terms, we cannot agree that periodically required payments must never exceed current income. We have been cited no authorities which impose this type limitation and we are indisposed to apply one. Mr. Beavers is an employee of one of the companies in which he holds a one-third interest and his current monthly salary is $3,945.00. The properties awarded to Mr. Beavers were valued at $254,750.00 and the money judgment against him was for $119,275.00. Monthly payments, including accrued interest, were fixed at $2,000.00 after one initial $10,-000.00 payment. In the absence of contrary proof, we cannot say that this debt

reduction schedule is inappropriate. The security restrictions imposed on certain stocks and real property are counter-balanced by provisions for substitution of collateral and by authorization for out-of-court agreements between the parties to facilitate the uses and benefits of the properties. Under these facts, we find no abuse of discretion by the trial judge. The fourth point of error is overruled.

No abuse of discretion having been found respecting the trial court's handling of the community reimbursement claims, the characterization of the Royce City property or the valuation of the Great West Energy stock, there has been no accumulation of error sufficient otherwise to result in an excessive money judgment against Mr. Beavers. The point complaining of cumulative error is overruled.

■ While the trial court did delay beyond the time limits prescribed in the rules for the filing of the findings of facts and conclusions of law, that delay caused no harm to Mr. Beavers as he concedes in his brief. Because the point complaining of this delay assigns harmless error, it is overruled.

■ Mr. Beavers' seventh point of error complaining of a particular award of attorney's fees is sustained. The trial court's decree sanctions an award of attorney's fees against Mr. Beavers in the event additional proceedings are brought in any court at some later date. We agree with Mr. Beavers that this purported award of future attorney's fees is void. This is so because the contingency addressed is beyond the control of the present judge's authority; a judgment may not rest upon what may or may not occur after its rendition. *Roberts v. Brittain,* 659 S.W.2d 750 (Tex.App.—Tyler 1983, no writ); *Tully v. Tully,* 595 S.W.2d 887 (Tex.Civ.App.—Austin 1980, no writ). We need not now, and do not, address the question of whether attorney's fees would be recoverable should a collection suit by Mrs. Beavers become necessary. Accordingly, we reform the judgment to delete this purported award of attorney's fees in the future.

As above reformed, the judgment of the trial court is affirmed. Costs on appeal are taxed to Mr. Beavers.