**PROTECHNICS INTERNATIONAL, INC., Appellant,**

v.

**TRU–TAG SYSTEMS, INC., and J. Lawrence Taylor, III, Appellees.**

**No. B14–92–00491–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 10, 1992.

---

Kenneth W. Ford, Houston, for appellant.

William D. Weber, Houston, for appellee.

Before MURPHY and CANNON, JJ., and ROBERT E. MORSE (Sitting by Designation).

## OPINION

MURPHY, Justice.

Appellant, Protechnics International, Inc., appeals from a judgment in favor of Tru–Tag Systems, Inc. and J. Lawrence Taylor, III. In five points of error, appellants claim the trial court erred in (1) dismissing appellant's petition for injunction, (2) finding the employment agreement between Taylor and Protechnics unenforceable, (3) awarding interest on prospective attorney's fees to accrue from the date of the judgment, (4) finding that appellant's technology does not constitute a trade secret, and (5) finding no breach of the employment agreement. We reform the judgment to reflect that the interest on appellate attorney's fees does not begin until the appellate court's judgment is final. In all other respects, we affirm the judgment.

Lawrence Taylor is a former employee of Protechnics. Taylor worked for Protechnics from April 1, 1986 through March 11, 1991. Shortly after Taylor left Protechnics, he began working for Tru–Tag. Protechnics alleged, in its second amended petition, that Taylor was accessing its computer system and gaining information concerning Protechnics' trade secrets. Protechnics asked the trial court to enjoin Taylor from gaining such information. The trial court denied relief to Protechnics.

■ In points of error one, two, four and five, Protechnics asks the court to rule on evidentiary matters. Protechnics failed to timely file a statement of facts. In the absence of a statement of facts, a presumption is created that the evidence supports the finding. *Guthrie v. National Homes Corp.*, 394 S.W.2d 494, 495 (Tex.1965). Without a statement of facts, we may only review errors apparent on the face of the pleadings, the verdict, the findings, if any, the judgment, and the bills of exceptions. *Armenta v. Nussbaum*, 519 S.W.2d 673, 676 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

■ An appeal on an evidentiary matter, without a statement of facts, presents nothing for review. *Krasniqi v. Dallas City Child Protective Serv.*, 809 S.W.2d

927, 933 (Tex.App.—Dallas 1991); *Radio Station WQCK v. T.M. Communications, Inc.*, 744 S.W.2d 676, 677 (Tex.App.—Dallas 1988, writ ref'd). Because in points one, two, four, and five Protechnics fails to present error we may consider we overrule those points of error.

 In its third point of error, Protechnics challenges the trial court's award of interest on attorney's fees. The trial court awarded post-judgment interest on the judgment from the date of the judgment until fully paid. The trial court also awarded attorney's fees in the event of an appeal to the court of appeals and the supreme court. Protechnics claims the interest on the appellate attorney's fees should not begin to run until the appellate court's judgment is final. We agree.

Article 5069–1.05 § 3(a) of the Texas Revised Civil Statutes states:

> Except as provided by Subsection (c) of this section, judgments earn interest for the period beginning on the day the judgment is rendered and ending on the day the judgment is satisfied. Interest shall be compounded annually.

An award of appellate attorney's fees is a conditional award, depending on the outcome of the appeal. *Hughes v. Habitat Apartments*, 828 S.W.2d 794, 795 (Tex.App.—Dallas 1992, no writ). Because an award of appellate attorney's fees is conditional on the unsuccessful outcome of the appeal, it is not a final award until after the appeal. *Beavers v. Beavers*, 675 S.W.2d 296, 300 (Tex.App.—Dallas 1984, no writ). A judgment for attorney's fees that might accrue in a later proceeding is beyond the control of the trial court's authority. *Id.*

Therefore, the award of attorney's fees does not become final until the appellate court issues its final judgment. Pursuant to article 5069–1.05 the interest on appellate attorney's fees begins to run when the appellate court judgment is rendered and ends the day the judgment is satisfied. We sustain appellant's third point of error.

We reform the judgment to reflect that the interest on appellate attorney's fees does not begin until the appellate court's judgment is final. In all other respects, we affirm the judgment.