Swank BROOKS, Jr., Appellant,

v.

ASSOCIATES FINANCIAL SERVICES
CORPORATION, Appellee.

No. C14–93–00900–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 17, 1994.

Rehearing Overruled Feb. 2, 1995.

Wynne L. Creekmore, Jr., Houston, for appellant.

Michael T. Donahue, Houston, for appellee.

Before ROBERTSON, CANNON and LEE, JJ.

## OPINION

ROBERTSON, Justice.

Appellant, Swank Brooks Jr. (Brooks), appeals from an order denying his bill of review. We affirm.

On October 31, 1989, appellee, Associates Financial Services Corporation (Associates), filed suit against Brooks seeking to collect the balance of a promissory note, attorney's fees, and interest. Although Brooks was served, he never filed an answer. On March 23, 1990, the trial court granted a default judgment in favor of Associates for the relief requested in the petition. On April 5, 1993,

Brooks filed Plaintiff's Petition for Bill of Review in the same court, but under a different cause number. On May 4, 1993, the court held a pre-trial hearing. A record of that proceeding is not before this court. On August 31, 1993, the court issued an order denying Brooks' bill of review. Brooks appeals from that order, raising three points of error.

In his first point of error, Brooks contends "the trial court committed reversible error by granting summary judgment denying [his] bill of review because he proved meritorious defenses to Associates' cause of action." In conjunction with his first point of error, Brooks contends in his second point of error that "the trial court committed reversible error by granting the summary judgment denying [his] bill of review ... because there was no motion for summary judgment before the court and the court has no power to grant summary judgment *sua sponte.*"

 A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979); *see* Tex.R.Civ.P. 329b(f). Bills of review seeking relief from otherwise final judgments are scrutinized "with extreme jealousy and the grounds on which interference will be allowed are narrow and restricted." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984) (quoting *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950)). To succeed upon a bill of review, the plaintiff "must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." *Baker*, 582 S.W.2d at 406–7 (quoting *Hagedorn*, 226 S.W.2d at 998).

The trial court denied Brooks' bill of review after holding a pre-trial hearing. In *Baker v. Goldsmith*, the supreme court outlined the trial procedure for a bill of review which includes the requirement of a pre-trial hearing. 582 S.W.2d at 408–9. In *Beck v.*

*Beck,* 771 S.W.2d 141, 142 (Tex.1989), the court held that in conducting the pre-trial hearing authorized in *Baker v. Goldsmith,* the only relevant inquiry is whether the petitioner has presented prima facie proof of a meritorious defense. *Beck v. Beck,* 771 S.W.2d 141, 142 (Tex.1989). In *Beck,* the trial court denied the petitioner's bill of review for failing to show a prima facie defense even though it was not disputed at the pre-trial hearing that the petitioner had a meritorious defense. *Id.* The court of appeals affirmed, concluding that the petitioner's pleadings, as a matter of law, established her negligence in not pursuing other remedies such as a motion for new trial or writ of error. *Id.* In reversing the court of appeals' judgment, the supreme court noted that the lower court chose to deal with the negligence issue rather than the meritorious defense issue. The court stated:

> The flaw in this approach is that the court of appeals treated the pre-trial hearing concerning only the issue of [petitioner's] meritorious defense as a summary judgment hearing on all elements of [the] petition for bill of review. Such review would be erroneous even if [the defendant] had filed a motion for summary judgment, because no summary judgment record was developed and it is improper to use summary judgment to determine whether pleadings fail to state a cause of action.

*Id.* [citations omitted]

■ Notwithstanding its holding in *Beck,* the supreme court has repeatedly held that a bill of review is proper only in instances where a party has exercised due diligence to avail himself of all adequate legal remedies against the former judgment. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989); *Rizk v. Mayad,* 603 S.W.2d 773, 775–76 (Tex. 1980); *French v. Brown,* 424 S.W.2d 893, 895 (Tex.1967); *McEwen v. Harrison,* 345 S.W.2d 706, 710 (Tex.1961). Further, the court has held that to invoke the equitable power of the court, the bill of review petitioner must file a petition alleging factually, and with particularity, that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party or official mistake **unmixed with his own negligence.** *State v. 1985 Chevrolet Pickup Truck,* 778

S.W.2d 463, 464 (Tex.1989). Thus, before the court can consider the issue of a meritorious defense at a pre-trial hearing, the petitioner's pleadings must allege facts sufficient to warrant relief by bill of review. *Amanda v. Montgomery,* 877 S.W.2d 482, 485–87 (Tex. App.—Houston [1st Dist.] 1994) (orig. proceeding); *see Malone v. Emmert Industr. Corp.,* 858 S.W.2d 547, 548–49 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

■ As stated in its order, the trial court denied the bill of review "after reviewing the pleadings" and "hearing the argument of counsel." Without a statement of facts, we may still review errors apparent on the face of pleadings. *Protechnics Int'l Inc. v. Tru–Tag Sys., Inc.,* 843 S.W.2d 734, 735 (Tex.App.—Houston [14th Dist.] 1992, no writ). In his Original Petition for Bill of Review, Brooks admits that he timely filed a motion for new trial that was subsequently overruled by operation of law. However, Brooks does not explain why he did not file an appeal or writ of error. Rather, Brooks claims only that he did not file an answer or seek a hearing on his motion for new trial because of certain assurances made by Associates' attorneys during ongoing negotiations between the parties. Where the petitioner's allegations are legally insufficient, relief by bill of review is inappropriate. *See Amanda,* 877 S.W.2d at 486–97. We find that Brooks is not entitled to relief by bill of review because he failed to make the requisite showing that he exhausted all available legal remedies. *Rizk,* 603 S.W.2d at 775–76; *French,* 424 S.W.2d at 895; *Hesser v. Hesser,* 842 S.W.2d 759, 765–66 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

■ Even if Brooks had shown that he exhausted all available legal remedies, we are unable to determine from the record whether Brooks established a prima facie meritorious defense. A prima facie meritorious defense is made out when it is determined that the petitioner's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered. *Baker,* 582 S.W.2d at 408–9. This is a question of law. *Id.* Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affi-

davits on file along with such other evidence that the trial court may receive in its discretion. *Id.* The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law, but factual questions arising out of factual disputes are resolved in favor of the petitioner for purposes of the pretrial, legal determination. *Id.* If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case. *Id.*

■ As a meritorious defense, Brooks contends that Associates was not entitled to a default judgment "because the amount of damages claimed ... were unliquidated and never proven by adequate evidence." In support of this defense, Brooks has provided this court with several documents from the prior suit on the note. These documents were not attached to Brooks' petition and do not otherwise reflect that they were filed in the bill of review proceeding. Further, without a statement facts, this court is unable to determine whether this defense and the supporting documents were actually presented to the trial court at the pre-trial hearing. A party cannot raise an issue for the first time on appeal which was not presented to the trial court. TEX.R.APP.P. 52(a); *Andrews v. ABJ Adjusters,* 800 S.W.2d 567, 568–69 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (opinion on motion for rehearing). Furthermore, the burden is on Brooks, as appellant, to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d); *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990). Because Brooks has not supplied this court with a record of the pre-trial hearing, the issue of a meritorious defense is not properly preserved for appellate review. TEX.R.APP.P. 50(d).[1] Accordingly, we cannot say that it was error for the trial court to deny the petition for bill of review. We overrule Brooks' first and second points of error.

■ In his third point of error, Brooks contends that he was not obligated to prove a meritorious defense because he was "denied due process in the granting of the default judgment." Brooks cites *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). *Peralta* holds that the meritorious defense requirement of a bill of review violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution where there has been no service or notice of the lawsuit. 485 U.S. at 84–85, 108 S.Ct. at 898–99. Here, Brooks admitted that he was served with, and had notice of, the lawsuit. Consequently, Brooks cannot complain that he was deprived of due process nor was he relieved of the burden of proving a meritorious defense.

■ Brooks argues that he was not notified of Associates' motion for default judgment. *See Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988) (citing *Peralta* and holding that an answering defendant, who is not notified of a trial setting, is not required to set up a meritorious defense in order to obtain a new trial). After a citation and petition are served on a defendant, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the petition. *Long v. McDermott,* 813 S.W.2d 622, 624 (Tex.App.—Houston [1st Dist.] 1991, no writ) (holding that a non-answering defendant is not entitled to notice of damage hearing); *see also Mackey v. Bradley Motors, Inc.,* 871 S.W.2d 243, 247 (Tex.App.—Amarillo 1994, n.w.h.) (same).

■ Brooks had notice of the default judgment in time to file a motion for new trial. Due process only requires that notice be "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections."

---

1. The other meritorious defenses asserted by Brooks were also not properly preserved for review. In his petition, Brooks alleged that Associates did not have the proper lending license. *See* TEX.REV.CIV.STAT.ANN. art. 5069–8.03. This defense is not raised on appeal and therefore is waived. TEX.R.APP.P. 74(f); *see Trinity Universal Ins. Co. v. Fidelity & Cas. Co.,* 837 S.W.2d 202,

205 (Tex.App.—Dallas 1992, no writ). On appeal, Brooks asserts that the note is incomplete and unenforceable. *See* TEX.BUS. & COM.CODE ANN. § 3.115. This defense is not raised by the pleadings and in the absence of a statement of facts showing that it was argued below, is waived. TEX.R.APP.P. 50(d), 52(a); *see Andrews,* 800 S.W.2d at 568–69.

*Peralta,* 485 U.S. at 84, 108 S.Ct. at 899, (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). Brooks was not only apprised of the pendency of the suit, but was afforded the opportunity to present his objections in a motion for new trial. The fact that Brooks agreed to pass the hearing on the motion for new trial because of ongoing negotiations does not amount to a deprivation of due process. *See Malone,* 858 S.W.2d at 549 (holding that a party who has an opportunity to attack a judgment with a timely motion for new trial is not denied of due process). Accordingly, we overrule Brooks' third point of error and affirm the trial court's order denying the bill of review.