In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00154-CR


______________________________




STEVE SCOTT WILT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Lamar County, Texas


Trial Court No. 41411




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Steve Scott Wilt appeals his conviction by a jury for criminal trespass, a Class B
misdemeanor. See Tex. Pen. Code Ann. § 30.05(a) & (d) (Vernon Supp. 2002). The jury assessed
his punishment at three months' confinement in the county jail, but recommended that the trial court
suspend the imposition of his sentence and that he be placed on two years' community supervision. 
The trial court sentenced him accordingly.

 In the same proceeding, Wilt was also convicted of evading arrest and detention and of
resisting arrest. He was sentenced to 180 days' confinement for the evading arrest and detention
offense and 365 days' confinement for the resisting arrest offense, but the trial court suspended the
imposition of both sentences and placed him on two years' community supervision for each
conviction. Wilt has also filed appeals from those convictions, which we address in separate
opinions.

 The record shows the trial court pronounced sentence May 1, 2002. Wilt filed a motion for
new trial May 31, 2002. Rule 26.2(a)(2) requires the notice of appeal to be filed "within 90 days
after the day sentence is imposed or suspended in open court if the defendant timely files a motion
for new trial." Tex. R. App. P. 26.2(a)(2).

 The motion for new trial was timely, see Tex. R. App. P. 21.4(a), making the notice of appeal
due by July 30, 2002. The notice of appeal was filed on August 14, 2002. Therefore, the notice of
appeal is untimely, and this Court is without jurisdiction over the appeal. Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996). (1)

 The appeal is dismissed for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 26, 2002

Date Decided: September 27, 2002


Do Not Publish
1. In Olivo, the Texas Court of Criminal Appeals noted the denial of a meaningful appeal
because of ineffective assistance of counsel is a proper ground for habeas corpus relief. Olivo v.
State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see also Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2001).



tends that the record fails to show that Litton, Leonard Manor's business
manager, was a proper agent for service of process, and, therefore, the judgment reached based upon
such service is void.

 When determining whether the case is ripe for default judgment, the trial court has a duty to
determine that the defendant was properly served with citation and has no answer on file. Uvalde
Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985). It is well settled that
in order for a default judgment to stand, the record must affirmatively show strict compliance with
the Texas Rules of Civil Procedure relating to the issuance, service, and return of citation. Hubicki
v. Festina, 226 S.W.3d 405, 408 (Tex. 2007); Wachovia Bank of Del., N.A. v. Gilliam, 215 S.W.3d
848, 849-50 (Tex. 2007); see Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990). When serving an
agent for a corporation, the citation must affirmatively show that the individual served is in fact the
agent for service. Pharmakinetics Labs., Inc. v. Katz, 717 S.W.2d 704, 706 (Tex. App.--San
Antonio 1986, no writ). In a restricted appeal from a default judgment, no presumptions in favor of
valid service are made. Hubicki, 226 S.W.3d at 407; Uvalde Country Club, 690 S.W.2d at 885;
Bronze & Beautiful, Inc. v. Mahone, 750 S.W.2d 28, 29 (Tex. App.--Texarkana 1988, no writ). 
Unless the record affirmatively reflects that at the time the default judgment is entered the defendant
has made an appearance, has been properly served with citation, or has executed a written
memorandum of waiver of citation, the trial court does not have in personam jurisdiction to enter
a default judgment against the defendant. Mahone, 750 S.W.2d at 29. Receiving suit papers or
actual notice through an unauthorized procedure or process for service renders the attempted service
invalid and of no effect. Fid. & Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 574 n.1
(Tex. 2006) (citing Wilson, 800 S.W.2d at 836).

 A direct attack on a judgment by a restricted appeal must be brought by a party to the suit
who did not participate (either personally or by attorney) in the trial within six months after the court
signs the judgment and the complained-of error must be apparent from the face of the record. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.013 (Vernon 2008); DSC Fin. Corp. v. Moffitt, 815
S.W.2d 551 (Tex. 1991); see Tex. R. App. P. 30. (1) Our review is limited to the record as it existed
before the trial court at the time the default judgment was rendered. Armstrong v. Minshew, 768
S.W.2d 883, 884 (Tex. App.--Dallas 1989, no writ); see also Gerdes v. Marion State Bank, 774
S.W.2d 63 (Tex. App.--San Antonio 1989, writ denied) (record cannot be changed after defaulting
party has perfected writ of error); Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d 72 (Tex.
App.--Waco 1997, writ denied). The face of the record, for purposes of a restricted appeal, consists
of all the papers on file in the appeal, including the statement of facts. Norman Commc'ns v. Tex.
Eastman Co., 955 S.W.2d 269 (Tex. 1997); DSC Fin. Corp., 815 S.W.2d at 551.

 The record reflects that Leonard Manor brought this restricted appeal within six months of
the judgment and did not participate in the default hearing; the only remaining issue is whether error
is apparent on the face of the record. (2) See Wachovia Bank of Del., 215 S.W.3d at 850. 

 In their respective briefs, the parties debate whether the Texas Business Organizations Code
or the Texas Business Corporations Act governs service of process. (3) There are distinctions between
the two, but they are without a difference in the outcome here. Both the Texas Business
Organizations Code and the Texas Corporations Act provide that service of process, notice, or
demand may be made upon a corporation's registered agent, president, or vice president. Tex. Bus.
Orgs. Code Ann. §§ 5.201, 5.255(1) (Vernon Supp. 2008); Tex. Bus. Corp. Act Ann. art. 2.11
(Vernon Supp. 2008).

 As the party requesting service, it was the responsibility of Century Rehabilitation to make
certain that service of process was properly accomplished. Primate Constr., Inc. v. Silver, 884
S.W.2d 151, 153 (Tex. 1994) (per curiam); see Tex. R. Civ. P. 99(a). "This responsibility extends
to seeing that service is properly reflected in the record." Primate Constr., Inc., 884 S.W.2d at 153. 
In Harvestons Securities, Inc. v. Narnia Investments, Ltd., 218 S.W.3d 126, 134-35 (Tex.
App.--Houston [14th Dist.] 2007, pet. denied), there is a recitation of a litany of cases similarly
situated:

 Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist., 180 S.W.3d 903,
905 (Tex. App.--Dallas 2005, pet. denied) (concluding that return of service was
defective because it did not indicate the capacity of "Danielle Smith" or why she was
served with process); and Benefit Planners L.L.P. v. RenCare, Ltd., 81 S.W.3d 855,
861 (Tex. App.--San Antonio 2002, pet. denied) (holding that service was defective
because the return did not recite that the citation was delivered to "Benefit Planners
through its registered agent."); Barker CATV Constr., Inc. v. Ampro, Inc., 989
S.W.2d 789, 793 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (holding that the
return showing service on "James Barker" does not establish that he was defendant's
agent or that Barker CATV Construction, Inc. was served); and Galan Enter. v.
G. Wil-Tex Co., Inc., No. 01-92-01246-CV, 1993 WL 471403, at *1-2 (Tex.
App.--Houston [14th Dist.], Nov. 18, 1993, no pet.) (concluding that return of
service was invalid because party failed to establish that Barbara Galan was in fact
a person authorized to accept service) (not designated for publication).


 In this case, service was made upon Litton at Leonard Manor's principal place of business. 
However, nothing in the record indicates that Litton held any capacity (e.g., registered agent for
service, president, or vice president) which would allow service of citation on her to be deemed
service of citation on Leonard Manor. Therefore, the face of the record fails to reflect proper service;
without proper service of citation, the trial court lacked the requisite jurisdiction over Leonard Manor
to grant the default judgment. 

 Because service of citation was defective, we reverse the judgment of the trial court and
remand to the trial court for further proceedings.



 Bailey C. Moseley

 Justice


Date Submitted: August 19, 2009

Date Decided: September 10, 2009

1. See also Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex. 1985); Brown v. McLennan County
Children's Protective Servs., 627 S.W.2d 390, 392 (Tex. 1982); Avila v. Avila, 843 S.W.2d 280 (Tex.
App.--El Paso 1992, no writ).
2. The parties spend considerable effort arguing over who has the burden of requesting and
producing the reporter's record and the legal consequences of failing to do so. While Century
Rehabilitation argues that Leonard Manor has the burden of requesting the reporter's record, it is
notable that Century Rehabilitation failed to confirm whether such a record even exists. Even
without a reporter's record or statement of facts, we may still review errors apparent on the face of
pleadings. See Brooks v. Assocs. Fin. Servs. Corp., 892 S.W.2d 91 (Tex. App.--Houston [14th
Dist.] 1994, no writ); see Protechnics Int'l, Inc. v. Tru-Tag Sys., Inc., 843 S.W.2d 734, 735 (Tex.
App.--Houston [14th Dist.] 1992, no writ). 
3. Leonard Manor's brief includes, and partially relies upon, a copy of its articles of
incorporation. However, the record does not indicate that the articles were before the trial court at
the time of the default judgment. "'Evidence not before the trial court prior to final judgment may
not be considered' in a restricted appeal." Ins. Co. of State v. Lejeune, 261 S.W.3d 852 (Tex.
App.--Texarkana 2008, no pet.) (quoting Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture,
811 S.W.2d 442, 444 (Tex. 1991)). Therefore, we do not consider the articles of incorporation for
any purpose.