ACCEPTED
14-15-00238-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/30/2015 5:16:37 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00238-CV
No. 14-15-00369-CV

IN THE FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/30/2015 5:16:37 PM
CHRISTOPHER A. PRINE
Clerk

FLEMING & ASSOCIATES, L.L.P. N/K/A
FLEMING, NOLEN & JEZ, L.L.P. AND
GEORGE FLEMING,
*Appellants/Cross-Appellees,*

v.

CHARLES KIRKLIN, STEPHEN KIRKLIN, PAUL KIRKLIN AND
THE KIRKLIN LAW FIRM, P.C.,
*Appellees*

On Appeal from the 234th District Court, Harris County, Texas
Trial Court Cause No. 2014-53135
Hon. Wesley Ward, Presiding

APPELLANTS'/CROSS-APPELLEES' REPLY TO
THE KIRKLIN DEFENDANTS' OPPOSITION TO THEIR
MOTION FOR REHEARING

FLEMING, NOLEN & JEZ, L.L.P.
George M. Fleming
State Bar No. 07123000
Sylvia Davidow
State Bar No. 05430551
J. Kenneth Johnson
State Bar No. 10746300
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Tel. (713) 621-7944
Fax (713) 621-9638

*Counsel for Appellants/Cross-Appellees*

**TO THE HONORABLE COURT OF APPEALS:**

Appellants/Cross-Appellees Fleming & Associates, L.L.P., n/k/a Fleming, Nolen & Jez, L.L.P. ("F&A"), and George Fleming (collectively, "the Fleming Appellants") reply to the Kirklin defendants' response in opposition to their motions for rehearing in Appeal Nos. 14-15-00238-CV and 14-15-00369-CV.

In support, the Fleming Appellants show the Court the following:

1.      If possible, the Kirklin defendants have made a confusing finality issue even more so.  Contrary to what the Kirklin defendants argue, this is a straightforward issue. All that now needs to occur is the continuation of the Fleming Appellants' appeal from two final judgments for the Kirklin defendants, as well as their own attorneys' fee cross-appeal.  If finality was not found before, the Jackson defendants' nonsuit of any claims by or against them should have cured any finality problems, given that no appeal is pending on the judgment for the Jackson defendants.

2.      Nonetheless, the Kirklin defendants have managed somehow to conflate expired trial court plenary power with this Court's alleged lack of jurisdiction resulting from its dismissal of the two remaining appeals as interlocutory.  They are wrong on both counts, as the Fleming Appellants explained to this Court in their November 23, 2015 supplement to their rehearing motions.

1

3.     The Kirklin defendants convoluted the finality issue further by insisting to the trial court in a motion and at a hearing that it was permitted to consider and rule on their pending rehearing motion on the denial of trial attorneys' fees.  By contrast, they maintained, this Court lacked jurisdiction, apparently because the nonsuit ended everything.

4.     But the Kirklin defendants have now reversed course entirely.  And further, they have not addressed the contents of the Fleming Appellants' motion for rehearing.  Instead, they focus on the Court's October 29, 2015 dismissal Orders.

5.     First, the Kirklin defendants never mentioned to the trial court last week that the Fleming Appellants' motions for rehearing were (and are) pending, and that this Court had requested their response by November 30, 2015.  However, they did respond timely.

6.     But the Kirklin defendants' November 29 opposition to rehearing includes nothing meritorious.  In short, they have reversed their position 180º, and see nothing wrong with the reversal.  To the extent that their argument is at all comprehensible, the Kirklin defendants now claim that the trial court's orders are **not final** because it did not sign an order dismissing the Jackson defendants' claims after the nonsuit was filed.

7.     Moreover, the little authority they provide on the effect of a nonsuit does not apply to the finality issue here.  One decision deals with appellate

timetables, and the other with a nonsuit allowing the right to appeal. *See Davidoff v. GX Tech. Corp.*, 134 S.W.3d 514 (Tex. App.—Waco 2004, no pet.); *Villafani v. Trejo*, 251 S.W.3d 466 (Tex. 2008).

8. Nor does the lack of ruling on appellate and supreme court attorneys' fees prevent finality for purposes of allowing the appeals to continue. As the Court has long held, "[a]n award of appellate attorney's fees is a conditional award, depending on the outcome of the appeal." *See Protechnics Int'l, Inc. v. Tru-Tag Sys., Inc.*, 843 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1992, no writ); *see also Messier v. Messier*, 458 S.W.3d 155, 170 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Obviously, a conditional order with which F&A may never need to comply will not block the finality of the trial court's judgments.

9. Last, the Kirklin defendants' unawareness of relevant rules concerning interlocutory appeals cannot save them from divesting the trial court of its jurisdiction over its order denying their attorneys' fees.

10. In short, the Kirklin defendants cannot have it both ways, by choosing to misrepresent the law to whatever is expedient for them. This Court has jurisdiction over both appeals. They are now taken from final judgments and should proceed to resolution until the end, through rehearing motions and perhaps supreme court proceedings.

**CONCLUSION**

For reasons argued earlier, the Court should grant the Fleming Appellants' motions for rehearing and reinstate Nos. 14-15-00238-CV and 14-15-00369-CV as appeals from final judgments.

Additionally, the Court should take into consideration the Kirklin defendants' flouting of all rules of procedures in their effort to achieve their goals. Once more, the Fleming Appellants leave to the Court's discretion any actions it may wish to take. Again, it will apprise the trial court of the Kirklin defendants' actions.

Respectfully submitted,

**FLEMING, NOLEN & JEZ, L.L.P.**

By: */s/Sylvia Davidow*
J. Kenneth Johnson
State Bar No. 10746300
ken_johnson@fleming-law.com
Sylvia Davidow
State Bar No. 05430551
sylvia_davidow@fleming-law.com
George M. Fleming
State Bar No. 07123000
george_fleming@fleming-law.com
2800 Post Oak Blvd., Suite 4000
Houston, TX  77056
Tel. (713) 621-7944
Fax (713) 621-9638

**COUNSEL FOR APPELLANTS/
CROSS APPELLEES
FLEMING & ASSOCIATES, L.L.P., AND
GEORGE FLEMING
(N/K/A FLEMING, NOLEN & JEZ, L.L.P.)
AND GEORGE FLEMING**

5

# CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2015, a true and correct copy of the above and foregoing Appellants'/Cross-Appellees' Reply to the Kirklin Defendants' Opposition to Their Motion for Rehearing was forwarded to all counsel by the Electronic Service Provider, if registered, otherwise by email, as follows:

Paul Kirklin
pkirklin@kirklinlaw.com
Charles B. Kirklin
ckirklin@kirklinlaw.com
THE KIRKLIN LAW FIRM, PC
12600 N. Featherwood Drive, Suite 225
Houston, TX  77034
Tel:  (713) 571-8300
Fax: (281) 922-6240

**COUNSEL FOR APPELLEES CHARLES KIRKLIN, PAUL KIRKLIN, AND THE KIRKLIN LAW FIRM, P.C.**

Stephen R. Kirklin
12600 N. Featherwood Drive, Suite 225
Houston, TX  77034
Tel:  (713) 571-8300
Fax: (281) 922-6240

**APPELLEE STEPHEN R. KIRKLIN, PRO SE**

*/s/Sylvia Davidow*
Sylvia Davidow