

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00196-CV

Oscar **RODRIGUEZ** and Margarita Rodriguez,
Appellants

v.

**INVESTMENT RETRIEVERS, INC.**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2023CV01311
Honorable Cesar Garcia, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: April 22, 2026

AFFIRMED

Appellants Oscar Rodriguez and Margarita Rodriguez (collectively the Rodriguezes), proceeding pro se, appeal a no-answer default judgment rendered in favor of appellee Investment Retrievers, Inc.  In three issues, the Rodriguezes contend that the trial court erred in granting Investment Retrievers a no-answer default judgment (1) in violation of their due process rights; (2) without holding a hearing; and (3) because their "SSI disability benefits" are exempt from execution on the default judgment.  We affirm.

## I. BACKGROUND

On March 23, 2017, the Rodriguezes purchased a 2007 GMC Yukon from Bravo Truck Center. Westlake Financial Services financed the purchase for 24.61 percent interest per year, over a period of forty-eight months. The Rodriguezes fell behind on payments, and according to Investment Retrievers, Westlake's security interest in the Yukon was foreclosed and sold.[1] Nevertheless, an outstanding balance remained, and Investment Retrievers, the current holder of the note, brought a breach of contract claim against the Rodriguezes.

A process server successfully served Oscar. However, the process server averred that Margarita was evading service. Investment Retrievers then moved for alternative service, and the trial court granted its request. Margarita was alternatively served on January 17, 2025. On March 3, 2025, Investment Retrievers moved for default judgment. *See* TEX. R. CIV. P. 107(h).[2] Investment Retrievers attached to its motion affidavits regarding damages and attorney's fees. On March 12, 2025, the trial court signed a no-answer default judgment that awarded Investment Retrievers $5,012.46 in damages and $500 in attorney's fees. The Rodriguezes timely perfected an ordinary appeal.

The Rodriguezes filed an appellate brief on June 12, 2025; however, we struck the brief for its failure to comply with the applicable appellate rules, including its failure to include a statement of facts with record references and a legal argument with appropriate citations to legal authorities and the appellate record. *See* TEX. R. APP. P. 38.1(g), (i). We ordered the Rodriguezes to file an amended brief. On June 20, 2025, the Rodriguezes filed what we construed as an

---

[1] The Rodriguezes contend they voluntarily surrendered the Yukon.
[2] Texas Rule of Civil Procedure 107(h) provides:

> No default judgment shall be granted in any cause until proof of service as provided by this rule or by Rules 108 or 108a, or as ordered by the court in the event citation is executed by an alternative method under Rule 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

TEX. R. CIV. P. 107(h).

amended brief. In our order accepting the brief, we noted that the brief includes neither a statement of facts with record references nor a legal argument with appropriate citations to legal authorities and the appellate record. *See id*. Nevertheless, we did not order the Rodriguezes to file a second amended brief, but we warned that the submission panel could determine that the Rodriguezes had waived one or more issues due to inadequate briefing if the deficiencies were not corrected prior to submission. The Rodriguezes filed no further briefing, and the case was submitted without oral argument.

## II. DISCUSSION

### A. Pro Se Considerations

As pro se litigants, the Rodriguezes are held to the same standards as a licensed attorney and must comply with all applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). "The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). It is well-settled that, under these rules, an appellant's brief must concisely state the facts, supported by record references, and contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the appellate record. *See* TEX. R. APP. P. 38.1(g), (i); *Williams v. Stiles*, No. 04-18-00575-CV, 2020 WL 1277701, at *2 (Tex. App.—San Antonio Mar. 18, 2020, no pet.) (mem. op.).

While pro se litigants must comply with the applicable procedural rules, application of the rules "may require a different result when the actor is not a lawyer." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam) (quoting *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)). "[C]ourts should 'review and evaluate pro se pleadings with liberality and patience.'" *Li*, 631 S.W.3d at 706 (citation omitted); *see also In re A.G.D.*, No. 07-15-00201-CV,

2016 WL 316879, at *2 (Tex. App.—Amarillo Jan. 22, 2016, no pet.) (applying standard to pro se appellate brief) (cited by *Li*, 631 S.W.3d at 706 n.5). In addition, the Texas Supreme Court "ha[s] admonished appellate courts to 'reach the merits of an appeal whenever reasonably possible' and cautioned that 'disposing of appeals for harmless procedural defects is disfavored.'" *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (per curiam) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)). "Nevertheless, it is 'settled' that 'an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing' and 'whether that discretion has been properly exercised depends on the facts of the case.'" *Horton*, 591 S.W.3d at 569–70 (quoting *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)); *see also Phillips Motors Co. v. Million Auto Parts*, No. 04-19-00391-CV, 2020 WL 1159062, at *2 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (mem. op.) (affirming judgment where appellant waived complaints by failing to comply with briefing rules).

## B.     Analysis

Returning to the Rodriguezes' briefing, their three issues, in their entirety, provide:

I.      Appellee Fa[i]ls to Address Key Legal Errors by the Trial Court
Appellee does not rebut the fact that the trial court failed to properly evaluate the legal protections surrounding SSI disability benefits, which are not subject to garnishment under both federal and Texas law.

II.     The Appellee Mischaracterizes the Nature of the Debt
Appellee argues that the vehicle surrender did not affect their rights to enforce judgment. However, Appellants have not denied the debt — the issue is that proper due process was not followed and the trial court did not hold a hearing as required.

III.    Appellee Ignores Financial Hardship and Exempt Income
Appellee fails to explain why garnishment is lawful when Appellants' only income consists of federally protected SSI disability benefits. Appellee cites no authority that allows garnishing these funds. Texas and federal law are clear: these benefits are exempt from execution.

As noted, the Rodriguezes' brief provides no record citations and no reference to any legal authority. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for

the contentions made, with appropriate citations to authorities and to the record."). Reading the Rodriguezes' briefing with "liberality and patience," *see Li*, 631 S.W.3d at 706, we construe that they contend the trial court erred in granting Investment Retrievers a no-answer default judgment (1) in violation of their due process rights; (2) without holding a hearing; and (3) because their "SSI disability benefits" are exempt from execution on the default judgment. Each of these issues is without merit.

First, we liberally construe the Rodriguezes' vague due process concern as a complaint regarding the issuance, service, and return of citation. "In order for a no-answer default judgment to stand, due process requires that the defendant must have been formally served with process." *Novosad v. Cunningham*, 38 S.W.3d 767, 772 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86–87 (1988); *Schnitzius v. Koons*, 813 S.W.2d 213, 215 (Tex. App.—Dallas 1991, no writ)). After a defendant — the Rodriguezes in this case — "is served with the citation and petition, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition." *Novosad*, 38 S.W.3d at 772–73 (citing *Brooks v. Associates Fin. Servs. Corp.*, 892 S.W.2d 91, 94 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Long v. McDermott*, 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ)). A review of the clerk's record reveals that the no-answer default judgment was rendered in compliance with Texas law. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (providing that for a default judgment to withstand direct attack, the record must establish strict compliance with the rules of civil procedure governing issuance, service, and return of citation). As construed, we overrule the Rodriguezes' first issue.

Second, the Rodriguezes' complaint that the default judgment was rendered by submission and without an oral hearing fails. "In a no-answer default context, judgment can be entered on the pleadings alone, and all facts properly pled are deemed admitted." *Whitaker v. Rose*, 218 S.W.3d

216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex.1984)). "While plaintiffs must produce evidence of damages before a trial court may order a default judgment, those damages need not be presented with testimony." *Id*. "A trial court may award damages in a no-answer default judgment case based on affidavits." *Id*. As construed, we overrule the Rodriguezes' second issue.

Third, the Rodriguezes' complaint that their "SSI disability benefits" are exempt from execution is not accompanied by any citations to the record or legal authority and raised no substantive argument. We conclude that the Rodriguezes' third issue presents nothing for our review. *See Tindell v. Hildebrandt*, No. 04-23-00414-CV, 2025 WL 1063115, at *3 (Tex. App.—San Antonio Apr. 9, 2025, no pet.) (mem. op.) ("In short, [pro se appellant's] filings, including her amended brief, her letters, and her additional brief, present nothing for review because they include no record citations or record support and no legal citations or legal analysis."); *In re S.R.V.*, No. 04-17-00556-CV, 2018 WL 626533, at *3 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.) ("When an appellant . . . fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief[,] nothing is presented for our review, i.e., error is waived.").

### III. CONCLUSION

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Chief Justice