**CONTINENTAL CARBON COMPANY, Appellant,**

**v.**

**SEA–LAND SERVICE, INC., Appellee.**

**No. 05–99–01362–CV.**

Court of Appeals of Texas, Dallas.

Aug. 8, 2000.

Rehearing Overruled Sept. 29, 2000.

tion, 37 TEX. ADMIN. CODE ANN. § 6.15(8) (1999), and there is no dispute about whether Biggert properly applied for the license.

Kenneth R. Breitbeil, Lauren Beck, McFall, Glidden, Sherwood & Breitbeil, Houston, for Appellant.

Mark P. Blenden, Bedford, for Appellee.

Before Justices LAGARDE, MOSELEY, and BRIDGES.

## OPINION

Opinion By Justice MOSELEY.

Appellant, Continental Carbon Company ("Continental"), was sued on a sworn account by appellee, Sea–Land Service, Inc. ("Sea–Land"). Continental obtained an agreement with Sea–Land extending its time to file an answer. However, Continental did not file an answer and, after the agreed time period expired, a default judgment was taken against it. Continental filed a motion for new trial, which was overruled by operation of law. On appeal, Continental argues the trial court abused its discretion by not granting its motion for new trial because: (1) Sea–Land did not provide Continental with notice of a hearing concerning the default judgment as required by due process and the Texas Lawyer's Creed, and (2) Continental satisfied the *Craddock* elements for granting motions for new trial. For the reasons set forth below, we affirm the judgment of the trial court.

## BACKGROUND

In 1997, Continental hired M.G. Maher & Co. ("Maher") to negotiate a rate for shipping cargo containers to Costa Rica. Chester Derbes ("Derbes"), an export manager for Maher, obtained a quote from one of Sea–Land's account managers, Mike Watkins ("Watkins"). Continental accepted Sea–Land's quote, and Sea–Land shipped the containers to Costa Rica.

When Continental received the initial invoice from Sea–Land, the rates were allegedly higher than the quoted rate. Continental inquired as to the discrepancy in the rates. Watkins allegedly informed Continental, through Maher, that the invoice was a mistake and instructed Continental to pay the agreed upon rate; Continental complied. Thereafter, Continental received numerous invoices from Sea–Land requesting additional payments for the shipments to Costa Rica. Continental and Watkins had further contact regarding the invoices, and Watkins allegedly continued to inform Continental the invoices requesting additional payments were incorrect and that Watkins was attempting to correct the mistake.

On January 25, 1999, Sea–Land sued Continental on a sworn account for the unpaid amounts, plus attorney's fees, costs, and interest. On February 16, 1999, Continental was served with notice of citation, Sea–Land's original petition, and discovery requests, including a request for admissions. Continental's general counsel obtained a letter agreement with counsel for Sea–Land extending, by thirty days, Continental's time for answering the suit. This agreement, although signed by Continental's general counsel and the attorney rep-

resenting Sea–Land, was not filed with the court.

Continental failed to file an answer within the extended time and never responded to Sea–Land's request for admissions. On May 5, 1999, well after the thirty-day extension expired, the trial court rendered a default judgment against Continental for the balance of the sworn account alleged in Sea–Land's original petition, attorney's fees, prejudgment interest, court costs, and postjudgment interest.

On June 4, 1999, Continental filed a motion for new trial in which it alleged the requirements for a new trial as set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). Continental argued its failure to answer the suit was because of its mistaken reliance upon Watkins's alleged assurances to Continental that the amount reflected on the invoices was incorrect. Continental claimed these assurances led it to believe the suit would be dismissed. Continental, therefore, argued that its failure to answer the case was not intentional or because of conscious indifference, but was instead because of accident or mistake. Continental also argued it had a meritorious defense, that is, the debt reflected on the account was incorrect. Finally, Continental offered to reimburse Sea–Land for reasonable expenses incurred in obtaining the default judgment and, therefore, urged that granting a new trial would occasion no delay or otherwise work an injury on Sea–Land.

In its motion, Continental also alleged that Sea–Land violated the Texas Lawyer's Creed by taking a default judgment without providing Continental's general counsel with notice of a default judgment hearing. Continental asserted that, had Sea–Land's counsel given this notice, Continental would have filed an answer.

The trial court scheduled a hearing on Continental's motion for new trial on June 25, 1999. On June 14, Sea–Land filed a motion for continuance that was granted by the trial court; the hearing on Conti-

nental's motion for new trial was reset for July 16. Sea–Land then filed a motion for sanctions that requested the trial court to, among other things, continue the hearing on Continental's motion for new trial. The trial court reset the hearing for August 13, 1999. Prior to the August 13 hearing, on July 19, Continental's motion for new trial was overruled by operation of law.

## STANDARD OF REVIEW

The decision whether to grant a motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). This abuse of discretion standard also applies in cases where the motion for new trial is overruled by operation of law, in which case the issue is whether the trial court abused its discretion by not granting the motion for new trial and allowing the motion to be overruled by operation of law. *See Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994); *Bank One v. Moody*, 830 S.W.2d 81, 81, 85 (Tex.1992).

## DISCUSSION

### I. WAIVER

Before we address Continental's arguments, we first address Sea–Land's contention that Continental waived any error concerning the trial court's failure to grant Continental's motion for new trial. Sea–Land argues Continental waived any error because its motion for new trial was overruled by operation of law. Sea–Land cites *Shamrock Roofing Supply, Inc. v. Mercantile National Bank*, 703 S.W.2d 356 (Tex.App.-Dallas 1985, no writ), in support of its contention. In *Shamrock*, this Court stated:

> A motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal in absence of a showing of an abuse of discretion. We are unwilling to

hold that an abuse of discretion occurs when the defaulting defendant fails to call his motion to the judge's attention and allows it to be overruled by operation of law.

*Id.* at 357–58. Based on this language, Sea–Land argues that Continental waived any error by not obtaining a hearing on the motion and allowing it to be overruled by operation of law.

However, in *Shamrock* we also stated:

[W]hen a motion for new trial requires the exercise of discretion, the judge must have an opportunity to exercise his discretion before that discretion can be abused. *An abuse of discretion may occur if the defendant, though diligent, is unable to obtain a hearing within the time allowed by the rules* or if, after hearing the motion, the judge fails to rule on the motion within that time. However, we hold that where, as here, the record fails to show *any attempt to obtain a timely hearing,* no abuse of discretion is shown.

*Id.* at 358 (emphasis added); *see also Fluty v. Simmons Co.,* 835 S.W.2d 664, 668 (Tex.App.-Dallas 1992, no writ) (requiring party to bring motion for new trial to trial court's attention and demonstrate that attempts were made to obtain timely hearing in order to complain on appeal that trial court abused its discretion by not granting motion for new trial that was eventually overruled by operation of law).

Had Continental not made any attempt to obtain a hearing, it might have waived error. *See Shamrock,* 703 S.W.2d at 358. However, not only did Continental bring its motion to the attention of the trial court, Continental also twice obtained timely hearing dates for its motion; both hearings were postponed at Sea–Land's request. By the time the court held a hearing on August 13, 1999, the motion had already been overruled by operation of law on July 19. Because the record reflects that Continental made attempts to obtain a timely hearing, we conclude that Continental did not waive error as to whether the trial court abused its discretion by not granting Continental's motion for new trial.

## II. NOTICE OF HEARING ON DEFAULT JUDGMENT

Continental argues the trial court abused its discretion by not granting a new trial because Continental did not receive notice of a hearing concerning the default judgment even though Sea–Land knew Continental was represented by counsel. Continental argues that it was, therefore, denied due process. Continental also argues the trial court abused its discretion by not granting a new trial because Sea–Land's counsel violated the Texas Lawyer's Creed. We consider these arguments in order.

### A. Due Process

■ In its brief, Continental "recognizes the general principle that the rules do not require separate notice of a default judgment hearing after a citation and petition are served on a defendant." However, Continental contends that Sea–Land had the duty "to provide notice of the hearing for entry of default judgment once [Sea–Land] was aware that [Continental] had an attorney involved in the case." Continental urges that the failure to provide such notice was a violation of due process. We disagree.

■ In order for a no-answer default judgment to stand, due process requires that the defendant must have been formally served with process. *See Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86–87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Schnitzius v. Koons,* 813 S.W.2d 213, 215 (Tex.App.-Dallas 1991, no writ). However, after a defendant is served with the citation and petition, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition. *See Brooks v. Associates Fin. Servs. Corp.,* 892 S.W.2d 91, 94 (Tex.App.-Houston [14th

Dist.] 1994, no writ) (suit for balance of note, attorney's fees, and interest); *Long v. McDermott,* 813 S.W.2d 622, 624 (Tex. App.-Houston [1st Dist.] 1991, no writ) (unliquidated damages); *cf. LBL Oil Co. v. International Power Servs., Inc.,* 777 S.W.2d 390, 390–91 (Tex.1989) (notice is required regarding hearing on *post-appearance* motion for default judgment).

By service of citation and the accompanying petition, Continental was charged with notice it had been sued on a sworn account and a default judgment would be taken against it based on that cause of action if it failed to file an answer. Indeed, Continental was aware of the deadline and obtained an agreement for an extension of time to file an answer but, nevertheless, failed to answer within the agreed period. We conclude Continental received all the notice to which it was entitled when it was originally served with process.

### B. The Texas Lawyer's Creed

■ Continental also argues the trial court abused its discretion in not granting a new trial because Sea–Land's counsel violated the Texas Lawyer's Creed. Specifically, Continental complains Sea–Land's counsel violated the following provision: "I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed." Texas Lawyer's Creed—A Mandate For Professionalism § III(11) (adopted November 7, 1989).

The order issued by the supreme court and the court of criminal appeals adopting the Texas Lawyer's Creed states:

These rules are primarily aspirational. Compliance with the rules depends primarily upon understanding and voluntary compliance, secondarily upon re-enforcement by peer pressure and public opinion, and finally when necessary by enforcement by the courts through their *inherent powers and rules already in existence.*

Texas Lawyer's Creed—A Mandate For Professionalism, Order of Adoption (emphasis added). Thus, the Texas Lawyer's Creed is not binding law, but is instead a recommended code of conduct. *See id.; see also Byas v. State,* 906 S.W.2d 86, 87 n. 1 (Tex.App.-Fort Worth 1995, pet. ref'd). The Creed does not create new duties and obligations enforceable by the courts beyond those existing as a result of (1) the courts' inherent powers and (2) the rules already in existence. *See* Texas Lawyer's Creed—A Mandate For Professionalism, Order of Adoption. Therefore, in order for a provision of the Creed to be enforceable by the courts, the courts must act pursuant to their inherent powers or existing rules.

■ A court's inherent powers are "those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398 (Tex.1979); *see also Greiner v. Jameson,* 865 S.W.2d 493, 499 (Tex.App.-Dallas 1993, writ denied).

As previously stated, other than the required information generally contained in a notice of citation, when the defendant fails to file an answer, the rules do not require a subsequent notice of the intent to take a default judgment in a suit on a sworn account. *See Brooks,* 892 S.W.2d at 94. Neither is failure to notify opposing counsel regarding the intent to take a default judgment, when no such notice is required, conduct that touches on trial courts' judicial functions, independence, or integrity, so as to trigger the courts' inherent powers. Thus, the notice issue urged by Continental is not one that is enforceable by the courts pursuant to the Texas Lawyer's Creed.

### C. Conclusion

Because Sea–Land gave Continental notice of the impending suit and the possibility of a default judgment, and Continental

did not file a sworn denial or otherwise appear, Sea–Land was not required to give Continental further notice regarding its motion for default judgment. *See Brooks,* 892 S.W.2d at 94. Furthermore, the Texas Lawyer's Creed is not a proper vehicle for the legal enforcement of a party's desire to receive notice regarding the taking of a default judgment. We overrule Continental's first issue.

## III. THE *CRADDOCK* STANDARD

■ Continental also argues the trial court abused its discretion in denying its motion for new trial because it satisfied the standard set forth in *Craddock v. Sunshine Bus Lines.* Under *Craddock,* a default judgment should be set aside when: (1) the defendant establishes that its failure to answer before judgment was not intentional, or the result of conscious indifference on its part, but was due to a mistake or accident; (2) the motion for a new trial sets up a meritorious defense; and (3) the motion is filed at a time when the granting thereof will occasion no delay or otherwise work an injury on the plaintiff. *See Craddock,* 133 S.W.2d at 125–26. In this particular case, the outcome of our *Craddock* analysis turns on the second element. In its motion for new trial, Continental asserted its meritorious defense was that it did "not owe Sea–Land the amount at issue in this lawsuit." We are called to determine whether, under the circumstances, Continental's motion for new trial set up a meritorious defense. For both of the reasons set forth below, we conclude that it does not.

■ First, in a suit on a sworn account, an affidavit from the plaintiff's representative complying with rule 185 of the rules of civil procedure constitutes prima facie evidence of the debt as against a party to the transaction, without the necessity of formally introducing the account into evidence. *See* TEX.R. CIV. P. 185; *Airborne Freight Corp. v. CRB Mktg. Inc.,* 566 S.W.2d 573, 574 (Tex.1978); *Northeast Wholesale Lumber, Inc. v. Leader Lum-*

*ber, Inc.,* 785 S.W.2d 402, 407 (Tex.App.-Dallas 1989, no writ). A defendant who fails to file a written denial under oath in a suit on a sworn account shall not be permitted to deny the claim, or any item therein. *See* TEX.R. CIV. P. 185; *Airborne Freight,* 566 S.W.2d at 574. As we have previously noted, Continental failed to file a written denial under oath and, therefore, may not deny the claims in Sea–Land's sworn account petition.

■ Second, along with its original petition, Sea–Land served Continental with a request for admissions. Continental failed to answer the request for admissions in the time required under the rules. *See* TEX.R. CIV. P. 198.2(a). When a party fails to answer a request for admissions, the matters therein are deemed admitted. *See* TEX.R. CIV. P. 198.2(c). Such admissions are "conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." TEX.R. CIV. P. 198.3. Deemed admissions are judicial admissions and may not be controverted with testimony. *See Marshall v. Vise,* 767 S.W.2d 699, 700 (Tex.1989). Although Continental filed a motion to withdraw the admissions, the court never ruled on Continental's motion. Therefore, the matters addressed in Sea–Land's request for admissions are deemed admitted and conclusively established as to Continental. *See* TEX.R. CIV. P. 198.3.

Among other things, Continental is deemed to have admitted the following: (1) the account is just and true; (2) payment of the debt is due from the defendant to the plaintiff; (3) the account states the balance due plaintiff after all offsets, payments, credits, and claims have been allowed; (4) all prices charged by plaintiff were agreed to by defendant; (5) all prices charged defendant are reasonable; (6) plaintiff performed to defendant's satisfaction in all transactions; (7) the petition is accurate and plaintiff is entitled to the requested relief; (8) there are no documents which support any defense; (9) mat-

ters stated in the documents attached to the petition are accurate; and (10) defendant has no offset, credit, or claim against plaintiff.

Continental correctly asserts that, in a motion for new trial, a movant need only set up a meritorious defense, but need not prove the defense. *See Estate of Pollack v. McMurrey,* 858 S.W.2d 388, 392 (Tex.1993). However, the unsworn allegation in Continental's motion that it did not owe Sea–Land the amount in controversy is insufficient to controvert either the sworn account, *see* TEX.R. CIV. P. 185, or the deemed admissions. *See Marshall,* 767 S.W.2d at 700. Therefore, in the face of Sea–Land's sworn account petition and Continental's deemed admissions, Continental did not set up a meritorious defense and, thus, failed to satisfy the second *Craddock* element. Therefore, the trial court did not abuse its discretion in not granting Continental's motion for new trial. We overrule Continental's second issue.

### CONCLUSION

Having overruled all of Continental's issues, we affirm the trial court's judgment.