Affirmed in Part, Reversed and Remanded in Part, and Opinion filed June
10, 2008








Affirmed in Part, Reversed and Remanded in Part, and Opinion
filed June 10, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00071-CV

____________

 

OLUWAKEMI AWONIYI and QUADRI IGE, Appellants

 

V.

 

ROBERT BARTON McWILLIAMS, M.D., and
THE WOMAN=S HOSPITAL OF TEXAS, Appellees

 



 

On Appeal from the 152nd
District Court

Harris County, Texas

Trial Court Cause No. 2006-35088

 



 

O P I N I O N

This appeal stems from the trial court=s dismissal of
appellants= medical liability claims against appellees, and its
award of attorney=s fees to one appellee, under Texas Civil
Practice and Remedies Code section 74.351(b).  We affirm the judgment of the
trial court dismissing appellants= claims against
appellees, but reverse the judgment awarding attorney=s fees to The
Woman=s Hospital of
Texas and remand for further proceedings.








Appellants Oluwakemi Awoniyi and her husband Quadri Ige
(hereinafter collectively AAwoniyi@) filed the
underlying lawsuit on June 5, 2006 against appellees Dr. Robert McWilliams and
The Woman=s Hospital of Texas.  It is undisputed that the
underlying action is a Ahealth care liability claim@ subject to
Chapter 74 of the Texas Civil Practice and Remedies Code.  See Tex. Civ.
Prac. & Rem. Code '74.001 et seq. (Vernon 2005 &
Supp. 2007).[1]      

Under Chapter 74, a health care liability claimant is
required to serve on the defendant health care provider(s) one or more expert
reports setting forth Athe applicable standards of care, the
manner in which the care rendered by the physician or health care provider
failed to meet the standards, and the causal relationship between that failure
and the injury, harm, or damages claimed.@  Id. '74.351(a) and
(r)(6).  The claimant must serve any such expert report on each health care
provider Anot later than the 120th day after the date the claim
was filed.@  Id. '74.351(a).  If the
claimant does not file an expert report within the 120-day period, the trial
court on motion of the affected health care provider shall enter an order
awarding reasonable attorney=s fees and costs of court incurred by the
health care provider and dismissing the claim, with prejudice, as to that
health care provider.  Id. '74.351(b).








Alleging that Awoniyi wholly failed to serve an expert
report as required under Section 74.351, the hospital and McWilliams each filed
a motion to dismiss Awoniyi=s claims and for recovery of reasonable
attorney=s fees.  The
hospital and McWilliams later amended their respective motions to allege that
dismissal was required because Awoniyi failed to make such service within the
prescribed time period.  After receiving briefing and hearing the arguments of
counsel, the trial court dismissed Awoniyi=s claims against
McWilliams and the hospital and awarded $12,037.26 attorney=s fees to the
hospital.  Awoniyi=s motion for new trial was overruled by
operation of law and she perfected this appeal.

Awoniyi asserts that the trial court erred by (a)
dismissing her action, (b) failing to grant her motion for new trial, and (c)
awarding attorney=s fees to the hospital. She also contends
the evidence does not support the amount of the fee award.  We address each
assertion in turn.

Dismissal of Awoniyi=s claims

With respect to Awoniyi=s first point of
error, the parties agree that for purposes of Section 74.351(a), October 3,
2006, is the 120th day after Awoniyi filed this lawsuit.  Awoniyi contends,
however, that Texas Rule of Civil Procedure 21a extended the deadline for
service of her expert report until October 6.  Because Awoniyi faxed her expert=s report to
counsel for the hospital and McWilliams on October 5, she argues her service of
the report was timely.  While Rule 21a does apply to the service of an expert
report in a medical liability claim action, we conclude the trial court rightly
rejected Awoniyi=s argument that such rule extended the
October 3, 2006, deadline for serving her expert report.

Chapter 74 does not define what it means to Aserve@ an expert report
on a health care provider pursuant to Section 74.351(a), but it provides that
undefined terms shall be accorded Asuch meaning as is
consistent with the common law.@  Tex. Civ. Prac. & Rem. Code '74.001(b).  At
least two courts have held that a claimant seeking to Aserve@ an expert report
on a medical care provider under Section 74.351(a) must comply with Texas Rule
of Civil Procedure 21a.  Herrera v. Seton Northwest Hosp., 212 S.W.3d
452, 459 (Tex. App.CAustin 2006, no pet.); Kendrick v.
Garcia, 171 S.W.3d 698, 704 (Tex. App.CEastland 2005,
pet. denied); see also Tex. R. Civ. P. 2 (A[t]hese rules
shall govern the procedure in the justice, county, and district courts of the
State of Texas in all actions of a civil nature, with such exceptions as may be
hereinafter stated@). 








Rule 21a provides four methods by which a notice or
pleading may be Aserved@: by delivering a
copy to the party or his agent or attorney (1) in person, by agent, or by
courier-receipted delivery; (2) by certified or registered mail to the party=s last-known
address; (3) by telephonic document transfer (fax); or (4) by such other manner
as the court may direct.  Tex. R. Civ. P. 21a.  The hospital and McWilliams
concede that Awoniyi delivered her expert=s report and
curriculum vitae by fax to each of their counsel of record on October 5, 2006. 
They also concede that fax is a permissible form of service under Rule 21a. 
However, because Awoniyi sent the fax two days after the expiration of the
120-day period that Section 74.351(a) imposes, the hospital and McWilliams
insist the trial court did not err in dismissing Awoniyi=s action.

Awoniyi argues that Rule 21a Aenlarges the due
date by three (3) days if one of [the] four ways of service is met.@  We assume
Awoniyi relies on the following language of Rule 21a:

Whenever a party has the right or is required to do some act within a
prescribed period after the service of a notice or other paper upon him and the
notice or paper is served upon [him] by mail or by telephonic document transfer,
three days shall be added to the prescribed period.

Tex.
R. Civ. P. 21a.  This provision grants, in unambiguous language, a three-day
extension to a due date when (1) the act subject to the due date is triggered
by service of a paper on the acting party and (2) the triggering service
was made by mail or by telephonic document transfer (fax).  

Section 74.351 prescribes the due date for a health care
claimant=s service of its
expert report(s) on the health care provider(s) against which the claimant
asserts a liability claim.  Service of a notice or other paper upon Awoniyi did
not trigger the due date for service of her expert report.  Rule 21a thus
provides no basis for the extension of the due date for service of Awoniyi=s expert report.  








Section 74.351(a) required Awoniyi to serve her expert
report on the hospital and McWilliams by October 3, 2006, 120 days after she
filed her petition.  Because there is no basis for extension of this deadline
and she did not serve the report until October 5 when her counsel faxed it to
counsel for both defendants, she did not comply with Section 74.351(a).  The
trial court was required to dismiss, and thus did not err in dismissing,
Awoniyi=s lawsuit pursuant
to Section 74.351(b)(2).  Tex. Civ. Prac. & Rem. Code '74.351(b)(2)
(Vernon Supp. 2007).  We overrule Awoniyi=s first point of
error.

Awoniyi next asserts that the trial court erred by not
granting her motion for new trial, which was overruled by operation of law.  We
review a trial court=s ruling on a motion for new trial for an
abuse of discretion.  Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex.
1984).  This abuse of discretion standard applies even where the motion for new
trial has been overruled by operation of law and not by express ruling.  Cont=l Carbon Co. v.
Sea-Land Serv., Inc., 27 S.W.3d 184, 187 (Tex. App.CDallas 2000, pet.
denied) (citing Director, State Employees Workers= Comp. Div. v.
Evans, 889 S.W.2d 266, 268 (Tex. 1994); Bank One v. Moody, 830 S.W.2d
81, 81, 85 (Tex. 1992)).

In her motion for new trial, Awoniyi presented the same
issues and arguments she presented in opposition to the hospital=s and McWilliams=s motions to dismiss. 
Specifically, she contended she timely served her expert report on the hospital
and McWilliams under Rule 21a=s three-day extension and that the court
thus erred in granting the motions to dismiss.  We have held above that the
trial court did not err in granting the motions to dismiss, because the
three-day extension portion of Rule 21a does not apply to the time limit
Section 74.351(a) imposes on a health liability claimant.  Therefore, the trial
court did not abuse its discretion in failing to grant a new trial with respect
to dismissal of her claims.  We overrule Awoniyi=s second point of
error.

 








Attorney=s-Fee Award to the Hospital

In her third point of error, Awoniyi contends the trial
court erred in awarding attorney=s fees to the
hospital because she timely served her expert report on the hospital.  As
discussed above, Awoniyi=s expert report was not served timely. 
Where an expert report is not served timely, Section 74.351 imposes a duty on
the trial court, upon a health care provider=s motion, to
dismiss the claims and to award reasonable attorney=s fees to the
health care provider.  See Bocquet v. Herring, 972 S.W.2d 19, 20B21 (Tex. 1998)
(holding that attorney=s fee statute using Ashall@ language is not
discretionary).  The trial court thus did not err in awarding attorney=s fees to the
hospital.  We overrule Awoniyi=s third point of error.

In her fourth point of error, Awoniyi contends the trial
court erred in awarding $12,037.26 in attorney=s fees to the
hospital because the evidence is insufficient to prove the hospital actually
incurred this sum or that the sum is reasonable.  See Tex. Civ. Prac.
& Rem. Code '74.351(b)(1) (requiring court to Aaward[] to the
affected physician or health care provider reasonable attorney=s fees and costs
of court incurred@ where claimant fails timely to serve
expert report) (emphasis added).  The burden was on the hospital to prove its
fees and their reasonableness.  Stewart Title Guar. Co. v. Sterling, 822
S.W.2d 1, 10 (Tex. 1992) (A[a]s a general rule, the party seeking to
recover attorney=s fees carries the burden of proof@). 

In support of its claim for attorney=s fees, the
hospital presented affidavit testimony from one of its attorneys of record.  In
an affidavit filed with the hospital=s amended motion
to dismiss, the attorney testified the hospital incurred $12,037.26 in fees. 
The hospital=s attorney=s affidavit
testimony constitutes some evidence that the hospital actually incurred
$12,037.26 in attorney=s fees.  Awoniyi presented no evidence to
contradict such testimony.  We overrule Awoniyi=s fourth point of
error insofar as it challenges sufficiency of the evidence that the hospital
actually incurred the awarded fee.








Responding to the hospital=s motion to
dismiss, Awoniyi presented an affidavit from one of her counsel of record. 
Awoniyi=s counsel
testified that the hospital=s claimed fees were not reasonable and
that $1,000.00 would be a reasonable fee Ain this case.@  Awoniyi=s counsel also stated,
ANo discovery is
expected to have been done until [a] medical expert report is received from
Plaintiff.@ With her motion for new trial, Awoniyi presented the
trial court with proof that the hospital had served discovery requests on
Awoniyi on September 11, 2006, before her expert report was due.  These
requests included interrogatories, requests for admissions, and requests for
production of documents.  On appeal, Awoniyi claims to be Asure that the
Woman=s Hospital of
Texas= [sic] attorney
are [sic] making claims for hours spent to prepare these discovery requests which
the law does not allow at the time she filed the requests.@

Awoniyi impliedly argues that Section 74.351(b)=s mandatory award
of reasonable attorney=s fees may not properly include fees
incurred for discovery in the lawsuit.  We agree.  Section 74.351(s) provides
that until a health care liability claimant has served the required expert
report, all discovery is stayed.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(s) (Vernon
Supp. 2007).  Where a claim is dismissed because the claimant fails to serve
the expert report Section 74.351(a) requires, or fails to serve the report
within the time frame prescribed, the reasonable attorney=s fee recoverable
by the health care provider under Section 74.351(b) should not include fees
attributable to discovery undertaken by the provider. 

Awoniyi=s motion for new trial and, to a lesser
extent, her response to the hospital=s motion to
dismiss, should have alerted the trial court that she objected to the hospital=s failure to
segregate its claimed attorney=s fees to identify only those recoverable
under Section 74.351(b).  Stated differently, Awoniyi effectively objected to
the trial court=s inclusion of any fees incurred in
discovery in its award of the hospital=s attorney=s fees.  








In her affidavit, the hospital=s attorney
attributes the hospital=s fees, totaling over $12,000.00, to Areview,
investigation and defense of this case[,] and preparation of the motion to
dismiss, first amended motion to dismiss, and affidavit for attorney=s fees.@ She states the
total fee includes 40.4 attorney hours at rates ranging from $160 to $200 per
hour, 21.5 nurse legal assistant hours at the rate of $85 per hour, and 16.4
paralegal hours at the rate of $80 per hour.  She also testified that the
claimed fee is reasonable in amount and Anecessary to [the
hospital]=s defense of [Awoniyi=s] claims.@ 

The hospital=s attorney does
not in her testimony attribute particular hours worked or fees incurred to
specific activities undertaken on the hospital=s behalf.  The
hospital=s attorney does
not state that the requested fee includes charges for work related to
preparation of the discovery requests that were served on Awoniyi on September
11, 2006.  Nor, however, does she state that the requested fee does not
include such charges.  Work related to the discovery requests could constitute Adefense of th[e]
case,@ which the
hospital=s attorney
testified constitutes a basis for the incurred fee.  Further, the affidavit
testimony is dated October 17, 2006, more than a month after service of the
discovery requests on Awoniyi.  Under these circumstances, we cannot exclude
the possibility that preparation of the discovery requests forms the basis for
some portion of the awarded fee. 

Evidence of unsegregated fees constitutes more than a
scintilla of evidence of segregated attorney=s fees.  Stewart
Title, 822 S.W.2d at12 (holding that where plaintiff sought recovery of
fees against multiple defendants, evidence of unsegregated fees was more than a
scintilla of evidence to support fee award; Awhat a reasonable
attorney=s fee would be for
the entire case indicates what the segregated amount[] should be@).  Where a fee
award is erroneously based on evidence of unsegregated fees, therefore, a court
of appeals must remand the award to the trial court rather than render no
award.  Stewart Title, 822 S.W.2d at 11 (requiring remand for new trial
on amount of fees incurred against each defendant individually). 








In this case, the trial court=s fee award was
based on evidence of unsegregated fees.  Section 74.351(b), read in conjunction
with Section 74.351(s), does not permit a health care provider to recover fees
for discovery when the claim against it is dismissed for lack of timely service
of an expert report.  Awoniyi objected to the hospital=s failure to
segregate its proof of fees to exclude those attributable to discovery served
on Awoniyi before her expert report was due.  In the face of Awoniyi=s objection, the
trial court abused its discretion in awarding fees based on the unsegregated
attorney=s fees or in
failing to grant a new trial on that issue.  We reverse the fee award to the
hospital and remand to the trial court for a new determination of the amount of
attorney=s fees to be
awarded to the hospital.        

 

 

/s/      Jeff Brown

Justice

 

 

Judgment rendered and Opinion filed
June 10, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.

 









[1]  We omit a description of the facts giving rise to
Awoniyi=s medical liability claims because such facts are
immaterial to the issues on appeal.