In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00437-CV


 _____________________



FORD MUSTANG SALEEN (CHAD DAVIS), Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 10,907-A






MEMORANDUM OPINION


 Appellant Chad Davis appeals the trial court's judgment determining the rightful
owner of a Ford Mustang Saleen. We affirm the trial court's judgment.

 Article 47.01a of the Texas Code of Criminal Procedure addresses the procedure for
the disposition of seized property in the absence of a pending criminal action:

 (a) If a criminal action relating to allegedly stolen
property is not pending, a district judge, county court judge,
statutory county court judge, or justice of the peace having
jurisdiction as a magistrate in the county in which the property
is held or a municipal judge having jurisdiction as a magistrate
in the municipality in which the property is being held may hold
a hearing to determine the right to possession of the property,
upon the petition of an interested person, a county, a city, or the
state. 


Tex. Code Crim. Proc. Ann. art. 47.01a(a) (Vernon 2006). A court acting under this section
may "order the property delivered to whoever has the superior right to possession, without
conditions[.]" Id. art. 47.01a(a)(1). The statute provides that "[j]urisdiction under this
section is based solely on jurisdiction as a criminal magistrate under this code and not
jurisdiction as a civil court." See id. art. 47.01a(a). (1) 

 The Ford Mustang Saleen was seized from Davis's residence in San Jacinto County
while the officers were executing a search warrant related to a murder that occurred in
Brazos County. The State subsequently filed a Motion to Determine Rightful Owner of the
vehicle. Davis and Larry Bishop were served with citation. Davis, then represented by
counsel, filed an answer asserting a general denial. Larry Bishop answered, claiming that his
son, Jason Bishop, was the vehicle's rightful owner. Jason Bishop filed an answer stating
that the vehicle belonged to him and he attached a copy of a Georgia title for the vehicle.

 Davis filed a notice of termination of counsel stating he would proceed pro se and
asking that the case be dismissed sua sponte by the trial court for failure to prosecute. The
trial court dismissed the State's case for want of prosecution without mention of Bishop's
claim and without determining ownership of the vehicle. See Tex. R. Civ. P. 165a. The trial
court signed a corrected order within thirty days. Davis then filed a motion to modify under
Texas Rule of Civil Procedure 329b, arguing the vehicle belonged to him and complaining
that the order of dismissal did not dispose of the vehicle. 

 The trial court held a hearing on May 29, 2008. Davis was in prison, and the record
does not reflect that he attempted to appear by teleconference or otherwise. At the hearing,
Jason Bishop testified he owned the vehicle, and he presented a Georgia title as evidence of
his ownership.

 At a subsequent hearing on June 26, 2008, Davis attended by teleconference. He
asserted ownership of the vehicle but could not provide proof of valid title at that time. On
June 26 the trial court signed a judgment ordering that, after considering "the pleadings and
records on file in this cause and the evidence[,]" the vehicle was Bishop's property. 

 Davis filed a motion for new trial. The motion stated that the trial court should not
have awarded the vehicle to Bishop because Davis's Texas title "supersedes" Bishop's
Georgia title and that Davis was prevented from offering this evidence to the trial court
because he did not receive notice of the May 29 hearing. He attached documents to the
motion for new trial, including a copy of a Texas title for the vehicle purportedly issued to
Davis on August 13, 2002. The trial court held a hearing on the motion. The motion was
overruled by operation of law. 

 In his first issue, Davis argues the trial court did not have jurisdiction over the vehicle. 
In his second issue, he contends the trial court did not have jurisdiction to conduct a trial after
the case was dismissed. In issue three, he maintains the trial court did not have jurisdiction
over Jason Bishop. 

 Davis concedes on appeal that the vehicle was seized as a result of the execution of
a search warrant at his residence in San Jacinto County as part of an investigation of a murder
in Brazos County. The State filed a motion to determine the rightful owner of the vehicle
seized from Davis's residence. Davis and Bishop each claimed the vehicle. The trial court
had jurisdiction under article 47 of the Texas Code of Criminal Procedure, and had the
authority to order the delivery of the property to the person with the superior right to possess
the vehicle. See Tex. Code Crim. Proc. Ann. arts. 47.01 (Vernon 2006), 47.01a. 

 Davis's motion to modify was filed within thirty days of the corrected order, and the
hearing on May 29 was held within the time period that the trial court maintained plenary
power. We conclude the trial court retained jurisdiction to hold the hearing. See Tex. R.
Civ. P. 329b (a),(d),(g); see also Tex. Dep't of Pub. Safety v. Deck, 954 S.W.2d 108, 111-12
(Tex. App.--San Antonio 1997, no pet.); Neese v. Wray, 893 S.W.2d 169, 170 (Tex. App.--Houston [1st Dist.] 1995, no writ). 

 The State served Larry Bishop with the motion to determine the rightful owner and
Jason Bishop filed a pro se letter in response asserting he was the owner of the vehicle. 
Bishop's pro se letter constituted an answer and appearance, and the trial court had
jurisdiction over Bishop. See Tex. R. Civ. P. 120; Sells v. Drott, 259 S.W.3d 156, 159 (Tex.
2008) (holding pro se defendant appeared by answer even though answer was not in
"'standard form'") (citing Smith v. Lippmann, 826 S.W.2d 137, 138 (Tex. 1992)). Davis's
first, second, and third issues are overruled.

 In his fourth issue, Davis maintains the trial court abused its discretion by granting a
default judgment against Davis and awarding the vehicle to Bishop. In his fifth issue, he
states the trial court abused its discretion by allowing his motion for new trial to be overruled
by operation of law. Davis argued in his motion for new trial that the trial court abused its
discretion in awarding the vehicle to Bishop and that he did not receive notice of the May 29
hearing.

 If a motion for new trial "is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law
on expiration of that period." Tex. R. Civ. P. 329b(c). Because the court did not rule within
the stated time period, Davis's motion for new trial was overruled by operation of law. See
id. In cases where the motion for new trial is overruled by operation of law, the issue is
whether the trial court abused its discretion by not granting the motion for new trial. Cont'l
Carbon Co. v. Sea-Land Serv., Inc., 27 S.W.3d 184, 187 (Tex. App.--Dallas 2000, pet.
denied). 

 In Davis's motion for new trial and on appeal, Davis argues he did not receive notice
of the May 29 hearing. (2) The reporter's record of the May 29 hearing suggests the hearing
was held in response to Davis's motion to modify. The record does not include any request
by Davis for a bench warrant, or any request to attend the hearing or participate by
teleconference. 

 The notice for the May hearing states the court set the case "for hearing on May 29th,
2008 at 9:00 A.M., unless a Motion to Retain is filed reflecting good cause as to why the
above case should not be dismissed." The trial court included in its findings of fact that
"[n]otice was sent to Chad Davis by letter dated 5-8-08 to the Michael Unit, P.O. Box 4500,
Tennessee Colony, Texas 75886-4500 advising him of a hearing set on 5-29-08" and that
Davis "did not request to appear at the hearing on 5-29-08." The trial court's findings of fact
also state that "Jason Bishop appeared at the hearing on 5-29-08 and the Court retained the
case and determined that title to the Mustang was in the name of Jason T. Bishop." 

 Davis acknowledges receiving the notice for the June hearing, and he attended that
hearing by teleconference. The notice of the June hearing was mailed to him at the same
prison address as the notice for the May hearing. The trial court could reasonably conclude
that Davis had notice of the May 29 hearing and yet made no request to appear. The trial
court held a hearing on Davis's motion for new trial. Bishop's counsel asserted that the copy
of the Texas title Davis attached to his motion for new trial was forged. The trial court could
reasonably conclude that no newly discovered evidence indicated a new trial should be
granted, and that the vehicle rightfully belonged to Bishop. The trial court did not abuse its
discretion. Davis's fourth and fifth issues are overruled. 

 The trial court's judgment is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on August 4, 2009

Opinion Delivered August 27, 2009


 Before Gaultney, Kreger, and Horton, JJ. 
1. Article 47.12(a) of the Texas Code of Criminal Procedure states that appeals from
a 47.01a hearing shall be heard by a court of appeals and "[t]he appeal is governed by the
applicable rules of procedure for appeals of civil cases to a court of appeals." Tex. Code
Crim. Proc. Ann. art. 47.12(a) (Vernon 2006). Any interested person who appears at the
hearing under article 47 must "give an oral notice of appeal at the conclusion of the hearing
and must post an appeal bond . . . ." Id. art. 47.12(c) (Vernon 2006). No party challenges
the lack of "oral notice," but we are required to consider jurisdictional issues. The reporter's
record from the June 26, 2008 hearing includes a discussion of appeal. We treat this
discussion as sufficient "oral notice." It does not appear that the trial court required an
appeal bond.
2. He also states in the Statement of Facts section of his appellate brief that "Davis
believed that the May 29th hearing was based on a motion by Bishop, [ ] because the trial
court had mailed Davis a notice that his motion to modify the judgment was set" for a later
date.