**AFFIRM; Opinion Filed April 10, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00680-CV

## RUSSELL B. VEASEY, Appellant
## V.
## LISA DELGADO VEASEY, Appellee

On Appeal from the 301st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-13-01065

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Evans
Opinion by Justice Moseley

Russell B. Veasey (husband) appeals a no-answer default judgment rendered in this divorce proceeding filed by Lisa Delgado Veasey (wife). Husband is pro se and argues on appeal that he did not receive notice of the default prove-up hearing. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

The return of service indicates the citation with the divorce petition attached was served on husband by personal service. Husband did not file an answer or make an appearance in the trial court. The record contains a letter to husband from wife's attorney stating that the hearing on temporary orders scheduled in the petition was canceled. A prove-up hearing was then held

on April 3, 2013. The trial court noted that the default judgment would be held for ten days because the return of service had not been on file as required by TEX. R. CIV. P. 107(h). *See* TEX. R. CIV. P. 239. However, the district clerk sent a notice of final decree to husband dated April 3, 2013. The notice stated, incorrectly, that a judgment had been signed on April 3, 2013.

The return of service was filed on April 5, 2013. The trial court signed the final decree of divorce on April 16, 2013. Husband did not file a motion for new trial or to reinstate the case. Instead, he timely filed a notice of appeal.

Husband raises three issues on appeal: whether wife's attorney properly communicated with him; whether he was properly notified of the final hearing and disposition of the case; and whether the trial court erred by holding the judgment for ten days after the prove-up hearing. Husband represents in his brief that he contacted wife's attorney and informed him that husband did not have an attorney. Thereafter, wife's attorney did not contact husband and husband represents that he did not receive notice of the prove-up hearing.

Husband's first two issues and his primary complaint on appeal are that he did not receive notice of the default prove-up hearing. However, after a defendant has been served with citation and the petition, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the cause of action asserted in the petition. *Cont'l Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 188-89 (Tex. App.—Dallas 2000, pet. denied) (noting defendant in no-answer default case "received all the notice to which it was entitled when it was originally served with process").

Husband's third issue appears to argue the trial court erred by not signing the judgment at the prove-up hearing. Rules 107 and 239 require that the return of service be on file at least ten days before a default judgment may be rendered. *See* TEX. R. CIV. P. 107(h), 239. The record indicates the return of service was on file at least ten days before the trial court signed the final

decree of divorce. We conclude the trial court did not err by not signing the judgment at the prove-up hearing.

In divorce cases, failure to file an answer does not admit the factual allegations in the petition. *See* TEX. FAM. CODE ANN. § 6.701 (in divorce suit, petition is not taken as confessed if the respondent does not file an answer). We do not review the sufficiency of the evidence in this case because husband does not challenge the sufficiency of the evidence and we do not have a record of that evidence.

We overrule husband's issues on appeal and affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

131680F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RUSSELL B. VEASEY, Appellant

No. 05-13-00680-CV          V.

LISA DELGADO VEASEY, Appellee

On Appeal from the 301st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-13-01065.
Opinion delivered by Justice Moseley,
Justices Bridges and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee LISA DELGADO VEASEY recover her costs of this appeal from appellant RUSSELL B. VEASEY.

Judgment entered this 10th day of April, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE

–4–