

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00751-CV

**STRICKER CONSTRUCTION, LLC** and Brad Stricker,
Appellants

v.

**H&E EQUIPMENT SERVICES, LLC**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 23-465
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:  Velia J. Meza, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: January 21, 2026

REVERSED AND REMANDED

This appeal arises from a judgment rendered against appellants, Stricker Construction, LLC and Brad Stricker,[1] after they failed to respond to H&E Equipment's motion for summary judgment. In three issues, which we consolidate into one, the Strickers assert that the trial court

---

[1] Collectively referred to as the "Strickers."

abused its discretion by denying their motion for new trial. For the reasons set forth below, we reverse the trial court's judgment and remand this cause for further proceedings.

## BACKGROUND[2]

On July 26, 2022, Stricker Construction entered into a contract with H&E Equipment. Under the terms of the agreement, Stricker Construction extended a line of credit to rent equipment from H&E Equipment. The contract further provided that Brad Stricker would personally guarantee Stricker Construction's obligations to H&E Equipment. Following the execution of the contract, Stricker Construction utilized its credit line and rented equipment. However, according to H&E Equipment, the Strickers failed to pay invoices from November of 2022 through June of 2023, totaling $19,469.64.

On August 23, 2023, H&E Equipment filed suit against the Strickers alleging breach of contract and breach of guaranty claims. On November 27, 2023, Brad Stricker, acting pro se, filed an answer in his individual capacity, which included a verified denial, and raised various affirmative defenses.[3] On May 24, 2024, H&E Equipment sought summary judgment on its claims against the Strickers. On June 14, 2024, before H&E Equipment's motion was scheduled, the parties filed an agreed motion for continuance to allow Plaintiff's counsel to attend a scheduled eye surgery and to allow the parties to complete their settlement negotiations. The trial court granted this request on June 20, 2024, and reset the trial for September 16, 2024.

On July 2, 2024, the trial court—at H&E Equipment's request—set their summary judgment motion for August 2, 2024, by submission only. Plaintiff's certificate of conference reflects that five separate phone calls were placed to Brad Stricker. Despite these attempts, the

---

[2] Because of the lack of a reporter's record, we draw these facts from the clerk's record.
[3] Stricker Construction never answered H&E Equipment's lawsuit. Nevertheless, it appears from the record that Mr. Stricker's appearance was also considered as Stricker Construction's corporate appearance.

Strickers did not respond to any of the calls. Although the Strickers were served and notified of this setting, they failed to respond. Consequently, the trial court granted summary judgment in favor of H&E Equipment on August 5, 2024.

On September 3, 2024, the Strickers—now represented by counsel—filed a motion for new trial. On September 4, 2025, the Strickers emailed the trial court's staff requesting a timely hearing on their motion. Although advised that their motion would be forwarded to trial court for a ruling by submission, the Strickers' motion was nevertheless overruled by operation of law. This appeal followed.

## DISCUSSION

On appeal, the Strickers contend that the trial court abused its discretion by failing to grant their motion for new trial. Because the Strickers' motion for new trial was denied by operation of law, we must first address whether such issue was waived.

1. Application of *Craddock* and the Standard of Review

As we have previously stated, "[w]hether *Craddock* applies is inextricably intertwined with determining the appropriate standard of review." *Washington v. McMillan*, 898 S.W.2d 392, 394 (Tex. App.—San Antonio 1995, no writ).

The supreme court emphasized that its purpose in adopting the *Craddock* standard was to "alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available." *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002). In deciding whether *Craddock* applies, courts must examine "the actor's state of mind" and determine whether the actor (1) realized its mistake before judgment and (2) had "other avenues of relief available." *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005). Because of the rule's subjective nature, the supreme court acknowledged that variances may occur depending on whether the actor is an attorney or a pro se litigant. *Id.* at 444 (stating that its recognition that pro

se litigants do not have the same knowledge as lawyers "does not create a separate rule but recognizes the differences the rule itself contains.").

In *Washington*, we held that *Craddock* may apply when a party fails to respond to a traditional summary judgment motion. 898 S.W.2d at 396. *Craddock* requires the facts presented in a motion for new trial to establish that: (1) the defendant's failure to answer before judgment was not intentional or the result of conscious indifference, but rather due to a mistake or accident; (2) a meritorious defense is set up in the motion for new trial; and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *See Cantu-Garcia v. Medrano*, No. 14-21-00171-CV, 2022 WL 16645509, at *1 (Tex. App.—Houston [14th Dist.] Nov. 3, 2022, no pet.) (mem. op.) (explaining the *Craddock* test). But, in light of the "summary judgment context, . . . 'to set up a meritorious defense' means to allege facts and bring forth summary judgment proof sufficient to raise a material issue of fact." *Washington*, 898 S.W.2d at 396 (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)). Thus, we apply this modified test in the summary judgment context where a default occurs due to some mistake or accident. *See generally Varady v. Gyorfi*, No. 09-15-00237-CV, 2016 WL 1468859, at *5 (Tex. App.—Beaumont Apr. 14, 2016, no pet.) (mem. op.) (discussing intermediate appellate courts' use of *Craddock*, a modified *Craddock* test, or *Carpenter*, after entry of a default summary judgment).

As such, we must first determine whether *Craddock* applies in this case. If applicable, we decide whether the trial court abused its discretion. *$171,100.00 in U.S. Currency v. State*, No. 04-18-00123-CV, 2019 WL 3229188, at *2 (Tex. App.—San Antonio Apr. 17, 2019, no pet.) (mem. op.). If the Strickers' motion for new trial satisfied the *Craddock* test, then the trial court abused its discretion in allowing it to be overruled by operation of law. *Id.*

### 2. *Craddock* Is Applicable in This Case

Here, similar to *Washington*, the Strickers were properly served with H&E Equipment's motion for summary judgment, along with the notice setting the motion for consideration by submission. *See Washington*, 898 S.W.2d at 394. Despite this, Brad Stricker's affidavit contends that he was unaware of the August 2, 2024, submission setting because the notice was inadvertently sent to his spam inbox. He also did not anticipate such a setting because on July 2, 2024, he had advised H&E Equipment's counsel that he "was not available for court until late August of 2024." Additionally, Mr. Stricker "did not realize that [H&E Equipment's motion for summary judgment] was [H&E Equipment] moving for a final disposition in th[e] case." Instead, he "was under the impression that [H&E Equipment] was ready to negotiate a settlement." Specifically, based on their agreed motion for continuance and his conversations with H&E Equipment's counsel, Mr. Stricker believed they were "in the negotiation stages" and that the case "would be resolved at a trial" or by "settlement to avoid the costs and time of further litigation."

Taking these facts as true, it appears that the Strickers did not realize their mistakes before the trial court granted summary judgment. It also establishes that their failure to respond was due to mistake or accident, rather than conscious indifference. For that reason, we hold that *Craddock* applies under the facts of this case. *See Wheeler*, 157 S.W.3d at 442. Having done so, we also hold that the Strickers satisfied the first *Craddock* prong.

We next address whether the Strickers' motion for new trial satisfied the remaining two *Craddock* prongs.

### 3. The Strickers' Motion Raised a Meritorious Defense

The Strickers argue that their motion raised a meritorious defense as to the amount H&E Equipment was owed, because H&E Equipment failed to retrieve the rented equipment in a timely manner and charged the Strickers for such delay. We agree.

Here, H&E Equipment moved for summary judgment on its breach of guaranty and breach of contract claims on a sworn account. As the movant, H&E Equipment was required to prove all the essential elements of these claims. *Fleming v. Wilson*, 694 S.W.3d 186, 190 (Tex. 2024). In contrast, the Strickers were only required to conclusively negate at least one of the essential elements of H&E Equipment's claims. *Little v. Tex. Dep't of Criminal Justice,* 148 S.W.3d 374, 381 (Tex. 2004).

An essential element to each of H&E Equipment's claims is the amount the Strickers owe as a result of their nonpayment.[4] But because this was a suit on sworn account, an affidavit from H&E Equipment's "representative[] complying with rule 185 of the rules of civil procedure" could "constitute[] prima facie evidence of the debt . . . without the necessity of formally introducing the account into evidence." *Cont'l Carbon Co.*, 27 S.W.3d 184 at 190. Additionally, the Strickers were first required to "file a written denial under oath" before they could challenge and deny such claims. *Id.*

Here, the Strickers' answer contained a verified denial of H&E Equipment's claim as to the amount owed on the account. As such, the Strickers were permitted to challenge such claims. And in their motion for new trial, Mr. Stricker's affidavit does just that. Specifically, he contends

---

[4] *See Pascual Madrigal P.L.L.C. v. Com. IT Sols. Inc.*, No. 04-13-00742-CV, 2014 WL 4230174, at *3 (Tex. App.—San Antonio Aug. 27, 2014, no pet.) (mem. op.) (iterating that an essential element to sworn account claims is "that the amount of the account is 'just,' meaning the prices charged are usual, customary, or reasonable); *see also Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied) (restating that a fundamental element to breach of contract claims is that the plaintiff suffered damages as a result of the breach); *Chahadeh v. Jacinto Med. Group*, P.A., 519 S.W.3d 242, 250 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (mem. op.) (discussing the amount owed under the guaranty agreements as an essential element to breach of guaranty).

that the invoices utilized by H&E Equipment "are grossly inaccurate" due to their failure to "pick up the equipment timely" and allowing such "equipment [to sit] on the job site for over six-weeks from the time" it was supposed to picked it up

In short, the facts presented in the Strickers' motion satisfy the second *Craddock* prong by raising a meritorious defense to defeat H&E Equipment's motion for summary judgment.

4. Granting the Strickers' Motion for New Trial Would Not Cause Delay or Injury

The purpose of this final *Craddock* prong is "to protect the plaintiff against the sort of undue delay or injury that would result in a disadvantage when presenting the merits of the case at a new trial." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009) (internal quotation marks omitted). "Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of proving injury shifts to the plaintiff." *Rozanc v. Nance*, No. 02-23-00018-CV, 2023 WL 5767373, at *7 (Tex. App.—Fort Worth Sept. 7, 2023, no pet.) (mem. op.).

Here, the Strickers alleged that granting a new trial would not cause delay or injure H&E Equipment. Resultantly, the burden shifted to H&E Equipment to prove otherwise. *Dolgencorp*, 288 S.W.3d at 929. Since H&E Equipment did not present any evidence establishing that it would be afflicted by delay or injury if such motion was granted, we find that the Strickers satisfied the third and final *Craddock* prong.

Finding that the Strickers' motion for new trial satisfied all three *Craddock* prongs, we sustain their sole issue on appeal.

## CONCLUSION

Because the Strickers' motion for new trial satisfied the *Craddock* test, the trial court abused its discretion by denying it. Accordingly, we reverse the judgment below and remand this cause to the trial court for further proceedings consistent with this opinion.

Velia J. Meza, Justice